IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN DANIEL JOHNSTON,
        Petitioner,

v.                                                  Case No. 3:10cv538/LAC/MD

KENNETH S. TUCKER,
        Respondent.[1]

_____

## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 9).  Respondent has filed a response (doc. 15) to which petitioner replied (doc. 18).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by Mr. Johnston, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Mr. Johnston is not entitled to relief, and the petition is without merit and should be denied.

_____

[1]  Kenneth S. Tucker became Secretary of the Florida Department of Corrections on August 24, 2011, and is substituted as the respondent.

## BACKGROUND AND PROCEDURAL HISTORY

The petitioner, John Daniel Johnston, was charged by Amended Information in the Circuit Court of Escambia County, Florida, case number 2007 CF 1680, with two counts of sexual battery on a person less than twelve (12) years old in violation of Section 794.011(2)(a), Florida Statutes (2007) (doc. 15, ex. A, p. 3).[2]  The two counts alleged that between 1989 and 1997, Mr. Johnston committed sexual battery on two minor girls by penetrating their mouths with his penis and/or penetrating their vaginas with his tongue and/or union of their vaginas with his penis (ex. A, p. 3).  The minors were Mr. Johnston's step-daughters.  Mr. Johnston was tried by jury and adjudicated guilty on December 19, 2007 (ex. A, pp. 36-37).  The court sentenced Mr. Johnston to one term of life imprisonment (not fewer than twenty-five years) on each count, to run concurrently, with twenty-two days of credit time (ex. A, pp. 38-42).

Mr. Johnston appealed the conviction and sentence (ex. A, p. 45).  His appointed counsel filed an *Anders*[3] brief, stating she could not make a good faith argument for reversal (ex. D).  Mr. Johnston subsequently submitted a *pro se* brief, raising three issues: 1) the trial court erred in failing to ensure Mr. Johnson knowingly waived his right to due process when defense counsel stipulated that Mr. Johnston was over age eighteen at the time of the crimes; 2) the trial court committed reversible error and denied him due process when it responded to a jury question outside the presence of Mr. Johnston or his counsel; and 3) defense counsel was ineffective for telling him during the voir dire he had to pick the jury from the first row and in stipulating to his age (ex. E).  On March 11, 2009, the Florida First District Court of Appeal ("First DCA") *per curium* affirmed the conviction and sentence without written opinion.  *Johnston v. State of Florida*, 4 So.3d 1225 (Fla. 1st

---

[2]  Hereafter all references to exhibits will be to doc. 15 unless otherwise noted.

[3]  *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 493 (1967) (counsel appointed for state appeal should advise the court when he finds the appeal to be frivolous and request permission to withdraw).

DCA 2009) (Table) (copy at ex. F).  Mr. Johnston filed motions for rehearing and to recall the mandate (exs. G, J).  The First DCA denied both motions on May 21, 2009 (ex. I).  On June 2, 2009, Mr. Johnston petitioned the Florida Supreme Court for writ of certiorari to review the First DCA's decision affirming his conviction and sentence (ex. K).  The Florida Supreme Court dismissed the petition for lack of jurisdiction on June 12, 2009, citing *Gandy v. State of Florida*, 846 So.2d 1141 (Fla. 2003) (Florida Supreme Court does not have jurisdiction to review a DCA's per curium decision that affirms with citations to cases not pending review in the Court).  Mr. Johnston also filed a facially insufficient motion for post-conviction relief and an unsuccessful motion to disqualify the trial judge (exs. PD-1; M, pp. 1, 9; N; P).

On March 11, 2010, Mr. Johnston filed a *pro se* motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, raising eleven grounds for relief (ex. Q, pp. 1-33).  On May 18, 2010, the Rule 3.850 court denied the motion in a written decision that addressed each ground (Ex. Q, pp. 34-45 and attach.).  Mr. Johnston appealed to the First DCA (exs. Q, p. 161; R).  The State did not file an answer brief (ex. S).  The First DCA *per curiam* affirmed the Rule 3.850 court's decision on September 28, 2010.  *Johnston v. State of Florida*, 46 So.3d 50 (Fla. 1st DCA 2010) (Table) (copy at ex. T).  The Mandate issued on October 26, 2011 (ex. U).

Mr. Johnston filed a petition for federal habeas corpus on December 17, 2011 (doc. 1).  On February 7, 2011, he filed the instant amended petition (doc. 9).  Respondent has not expressly waived the exhaustion requirement.  *See* 28 U.S.C. § 2254(c).

## STANDARD OF REVIEW

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19.  In relevant part, § 2254 provides:

**(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–**

**(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or**

**(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.**

28 U.S.C. § 2254(d) (2006).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[4]  Section 2254(d)(2) must be divided into two separate inquiries:

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring).   The federal habeas court "determining whether [it] should overturn the state courts' [sic] rejection of the claim at issue" should "review the highest state court decision disposing of the claim." *Harvey v. Warden, Union Corr. Inst.*, 629 F.3d 1228, 1237 (11th Cir. 2011); *see Knowles v. Mirzayance*, 556 U.S. 111, ___, 129 S. Ct. 1411, 1419, 173 L. Ed. 2d 251 (2009).

---

[4]  Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

Following the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 1172, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when the Supreme Court's holding embodies the legal principle; dicta in opinions is not controlling. *Thaler v. Haynes*, __ U.S. __, 130 S. Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010). Furthermore, a federal court of appeals decision, "even a holding directly on point," cannot clearly establish federal law for § 2254 purposes. *Bowles*, 608 F.3d at 1316 (citing *Renico v. Lett*, __ U.S. __, 130 S. Ct. 1855, 1866 (2010)).

After identifying the governing legal principle, the court determines whether the state court adjudication is "contrary to" clearly established Supreme Court case law, either because the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or because it "confronts a set of facts that is materially indistinguishable from a decision of [the] Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141, 125 S. Ct. 1432, 1438, 161 L. Ed. 2d 334 (2005); *see* § 2254(d)(1). The state court does not need to cite to Supreme Court cases or even be aware of them, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim.

If the state court decision is not contrary to clearly established federal law, the federal habeas court must then determine whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. § 2254(d)(1); *Williams*, 529 U.S. at 412–13, 120 S. Ct. at 1523. The federal court defers

to the state court's reasoning unless the state court's application of the legal principle was "objectively unreasonable" in light of the record the court had before it.  *Williams*, 529 U.S. at 409, 120 S. Ct. at 1521; *see Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1400, 179 L. Ed. 2d 557 (2011) (holding new evidence introduced in federal habeas court has no bearing on § 2254(d)(1) review, rejecting dicta in *Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683 (2004) (per curiam)); *cf. Bell v. Cone*, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).   A state court's application of federal law is objectively unreasonable when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context."  *Brown*, 544 U.S. at 141, 125 S. Ct. at 1439.  However, a state court may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause.  *Knowles*, 129 S. Ct. at 1419.  Notably, even a state court's incorrect application of law will not warrant federal habeas relief unless it is also objectively unreasonable.   *See Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 785-86, 178 L. Ed. 2d 624 (2011).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  As with the "unreasonable application" clause, the Supreme Court applies the "objectively unreasonable" test to the state court's factual determination.  *Miller-El v. Cockrell*, 537 U.S. 322, 324, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum).  The petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct.  *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); *see* § 2254(e)(1).

The Eleventh Circuit Court of Appeals in *Gill* clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests.  Mr. Gill's petition alleged he was denied his Sixth Amendment right to counsel.[5]  The Eleventh Circuit granted a limited Certificate of Appealability to determine the precise issue of the validity of "summary affirmance by a state appellate court of a trial court's decision based on potentially flawed reasoning."  *Id.* at 1286.[6]

The court acknowledged the well-settled principle that summary affirmances, such as the Florida Second District Court of Appeal's, are presumed adjudicated on the merits and warrant deference.  *Id.* at 1288 (citing *Harrington*, 131 S. Ct. at 784-85 and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002)).  "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion.  *Id.* at 1291 (citing *Harrington*, 131 S. Ct. at 784).  Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state

---

[5]  Mr. Gill twice moved the trial court in pretrial hearings to allow him to waive his Sixth Amendment right to counsel.  *Gill*, 633 F.3d at 1275-1284; *see* U.S. Const. amend. VI.  The trial court denied the first motion, concluding that Mr. Gill's waiver of counsel was not knowing and intelligent.  *Gill*, 633 F.3d at 1278; *see Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541, L. Ed. 2d 562 (1975) (accused must "knowingly and intelligently" waive representation).  It also denied the second motion, but it allowed Mr. Gill to act as co-counsel for himself only for determining trial strategy.  *Gill*, 633 F.3d at 1284. He was convicted, and the Florida Second District Court of Appeal ("Second DCA") affirmed without opinion the trial court's denial of post-conviction relief.  *Id.* at 1284-85.  Mr. Gill then filed a petition in federal court, which petition the court denied with prejudice.  *Id.* at 1284-85.

[6]  The court reviewed Gill's claims that the federal habeas court erred in two respects.  First, Gill argued the habeas court erred by "failing to review on the merits the 'legally and factually unsupported rationale' articulated by the state trial court." 633 F.3d at 1288.  Second, Gill argued the habeas court's decision was *per se* erroneous because it "relied on a finding that the state court did not make."  *Id.* Gill averred the trial court denied relief by finding that Gill's waiver was not knowing and intelligent, while the federal district court denied relief by finding that Gill "never clearly and unequivocally" waived his right to counsel.  *Id.*

court arrives at its conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244-45 (5th Cir. 2002) (summarizing the emerging circuit split)). The Eleventh Circuit court concluded that district courts must apply the plain language of § 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id* at 1291 (agreeing with the Fifth Circuit court in *Neal, supra*). In short, the court stated, "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*[7]

In light of *Gill*, the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id.* at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Lockyer*, 538 U.S. at 64, 123 S. Ct. at 1168; *Gill*, 133 F.3d at 1290.

The Supreme Court recently summarized the meaning and function of habeas corpus in the federal system:

> Under §2254, a habeas court must determine what arguments or theories supported or . . . could have supported [ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of this Court.

*Harrington,* 131 S. Ct. at 786. Federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's conclusion." *Id.* at 786 (internal quotations omitted).

The federal habeas court will take the final step of conducting an independent review of the merits of the petitioner's claims only if it finds that the petitioner

---

[7]  Applying this analysis, the court rejected Gill's claim that the district court erred by relying on different grounds than the trial court because Gill's basic premise—the Second DCA's summary affirmance relied on the trial court's statements from the bench—was not dispositive. *Id.* at 1288.

satisfied AEDPA and § 2254(d). *See Panetti v. Quarterman*, 551 U.S. 930, 953-54, 127 S. Ct. 2842, 2858-59, 168 L. Ed. 2d 662 (2007); *Jones v. Walker*, 496 F.3d 1216, 1228 (2007) (same). The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). When performing its review under § 2254(d), the federal court must resolve all claims for relief regardless of whether habeas relief is granted or denied. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc); *see Puiatti v. McNeil*, 626 F.3d 1283, 1307 (11th Cir. 2010). The federal court must also bear in mind that state court factual determinations are presumed to be correct, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002) (AEDPA provides for a "highly deferential standard of review" for factual determinations made by a state court); *Jackson*, 112 F.3d at 824-25 (noting petitioner has heavier burden to overcome the presumption of factual correctness). "If this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786.

### OTHER CONTROLLING LEGAL PRINCIPLES

#### Ineffective assistance of counsel.

Petitioner contends in his grounds for relief in this court that he was denied his constitutional right to the effective assistance of counsel. The Constitution provides "[i]n all criminal prosecutions, the accused shall enjoy the right. . .to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. To prevail on a claim of ineffective assistance of counsel, the petitioner must prove: (1) "counsel's representation fell below an objective standard of reasonableness;" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 677-678, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *see also Berghuis v. Thompkins*, ___ U.S. ___, 130 S. Ct. 2250, 2264-65, 176 L. Ed. 2d 1098 (2010). Reasonableness of representation does not implicate what is possible, prudent, or

even appropriate, but only what is "constitutionally compelled." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing *Burger v. Kemp*, 483 U.S. 776, 794, 107 S. Ct. 3114, 3126, 97 L. Ed. 2d 638 (1987)).

In evaluating counsel's performance, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance. *Chandler*, 218 F.3d at 1314. Courts must make "every effort. . .to eliminate the distorting effects of hindsight" and must evaluate the reasonableness of counsel's performance "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *see also, e.g., Chandler*, 218 F.3d at 1314 (the *Strickland* standard compels courts to "avoid second-guessing counsel's performance"). The Eleventh Circuit has summarized the standard and the burden:

> Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. This burden, which is petitioner's to bear, is and is supposed to be a heavy one. And, "[w]e are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial . . . worked adequately." *See White v. Singletary*, 972 F.2d 1218, 1221 (11th Cir. 1992). Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.

*Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see also, e.g., Waters v. Thomas*, 46 F.3d 1506, 1518 (11th Cir. 1995) (the test is not whether counsel could have done more); *Atkins v. Singletary*, 965 F.2d 952, 960 (11th Cir. 1992) (". . .the Constitution requires a good deal less than maximum performance.").

In order to meet the prejudice prong of the *Strickland* standard, petitioner must allege more than that the unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." 466 U.S. at 693, 104 S. Ct. at 2067; *see Marquard v. Sec'y for Dep't of Corr.*, 429 F.3d 1278, 1305 (11th Cir. 2005). Petitioner must show a reasonable probability exists that the outcome would have been different. *Marquard*, 429 F.3d at 1305 (petitioner's burden under the prejudice prong is high); *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. In applying *Strickland*,

the court may dispose of an ineffective assistance claim if petitioner fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice. . .that course should be followed.").

The *Strickland* standard exists to prevent petitioners from abusing the post-trial process by escaping rules of waiver or presenting new issues; it should be "applied with scrupulous care" to protect the integrity of the adversary process. *Harrington*, 131 S. Ct. at 788.  As it relates to habeas corpus applications, the Court emphasized:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial.  Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* at 788 (citations omitted); *Knowles*, 129 S. Ct. at 1420 (*Strickland* claims evaluated under § 2254(d)(1) require "doubly deferential" judicial review).

Finally, when a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact.  *Strickland*, 466 U.S. at 698, 104 S. Ct. at 2070; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999).  "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This [inquiry] is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Jones v. Sec'y, Dep't of Corr.*, __ F.3d __, 2011 WL 2540573 (11th Cir. Jun. 28, 2011) (quoting *Harrington*, 131 S. Ct. at 785 (2011))*.  Habeas claims of ineffective assistance of counsel require "doubly

deferential" judicial review under §2254(d) and *Strickland*, and petitioners only rarely prevail on this ground.  *See Rogers*, 13 F.3d at 386.


Exhaustion and Default

        A petitioner defaults on an issue unless the petitioner first exhausts available state court remedies so the state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (per curiam); *see* 28 U.S.C. § 2254(b)(1)(A) (applicant must exhaust available state court remedies); § 2254(b)(3) (state may rely on exhaustion requirement unless it expressly waives the right). *But see* § 2254(b)(2) (application may be denied on the merits even when applicant fails to exhaust state remedies).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim.  *Duncan*, 513 U.S. at 365-66, 115 S. Ct. at 888; *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L. Ed. 2d 1 (1999) (same).  This affords the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845, 119 S. Ct. at 1732.

        "Fair presentation" requires that, in each claim for relief, the petitioner include a reference to a specific federal constitutional guarantee and a statement of the facts that entitle the petitioner to relief.  *Picard v. Connor*, 404 U.S. 270, 278, 92 S. Ct. 509, 513, 30 L. Ed. 2d 438 (1971).  To satisfy the exhaustion requirement, the petitioner must present the same facts and claims in state court about which he petitions the federal court.  *Id.*  Appeals to a broad, general constitutional guarantee also fail to present the "substance" of such a claim to the state court.  *See Anderson v. Harless*, 459 U.S. 4, 7, 103 S. Ct. 276, 278, 74 L. Ed. 2d 3 (1982) (petitioner cited federal authority only by referring to a state court decision in which "the defendant. . . asserted a broad federal due process right to jury instructions that properly explain state law" (internal quotation marks omitted)).  A state prisoner's claim is not fairly

presented if the state court "must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material. . .." *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004).  However, when a petitioner squarely raises a federal constitutional claim in state court, the "failure of a state court to mention a federal claim does not mean the claim was not presented to it."  *Dye v. Hofbauer*, 546 U.S. 1, 3, 126 S. Ct. 5, 6-7, 163 L. Ed. 2d 1 (2005).  And, simply labeling the claim "federal" may be sufficient to fairly present the claim.  *Baldwin*, 541 U.S. at 32, 124 S. Ct. at 1351 (dictum).

The Eleventh Circuit requires specific reference to the United States Constitution and favors citations to federal cases.  *Zeigler v. Crosby*, 345 F.3d 1300, 1307-08 and n.5 (11th Cir. 2003) ("Cursory and conclusional sentences (unaccompanied by citations to federal law) . . . did not present to the Florida courts the federal claim asserted to us.").  This stricter standard requires the petitioner to differentiate a claim under the United States Constitution from one under a state constitution.  *Id.* at n.5; *McNair v. Johnston*, 416 F.3d 1291, 1302-03 (11th Cir. 2005) ("a habeas applicant [must] do more than scatter some makeshift needles in the haystack of the state court record") (internal citations omitted)).  If state and federal constitutional law overlap in their applicability to the petitioner's claim, he must raise his issue in terms of the federal right in state court to obtain federal review of the issue.  *Duncan*, 513 U.S. at 366, 115 S. Ct. at 888; *see also Anderson*, 459 U.S. at 7 and n.3, 103 S. Ct. at 278 and n.3 (petitioner's citation to a state-court decision predicated solely on state law is probably insufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited state case advanced a federal claim).

A claim is procedurally defaulted and barred from federal review in two instances: (1) if it was raised in state court and rejected on the independent and adequate state ground of procedural bar or default; or (2) if it was not properly raised in state court and can no longer be litigated under state procedural rules.  *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n.1, 111 S. Ct. 2546, 2557 and n.1, 115 L. Ed.

2d 640 (1991); *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *see also Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (state court's rejection of petitioner's constitutional claim on state procedural grounds generally precludes subsequent federal habeas review of that claim).   Unless the federal court determines the state court "clearly and expressly" relied on independent and adequate state grounds, the federal court may address the petition.[8]   *Coleman*, 501 U.S. at 735, 111 S. Ct. at 2557. However, when any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine, the default is *per se* adequate state grounds independent of the federal question.   *Id.* at 735 n.1, 2557 n.1; *Harris v. Reed*, 489 U.S. 255, 263 n.9, 109 S. Ct. 1038, 1043 n.9, 103 L. Ed. 2d 308 (1989) (federal habeas court need not require a federal claim be presented to a state court if the state court would hold the claim procedurally barred).

The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question.   *Lee v. Kemna*, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002).   To foreclose federal review, the state procedural bar must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion.   *Ford v. Georgia*, 498 U.S. 411, 423-24, 111 S. Ct. 850, 857, 112 L. Ed. 2d 935 (1991).   A state procedural bar is firmly established and regularly followed when the state has put litigants on notice of the rule, and the state has a legitimate interest in the rule's enforcement.   *Maples v. Allen*, 586 F.3d 879, 888 (11th Cir. 2009) (*citing* Lee*,* 534 U.S. at 385-88, 122 S. Ct. at 890-92))*.*

To overcome a procedural default so that the federal habeas court may reach the merits of a claim, the petitioner must show either "cause for the default and actual prejudice resulting therefrom," or a fundamental miscarriage of justice. *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1345 (11th Cir. 2004); *High v. Head*, 209 F.3d 1257, 1261 (11th Cir. 2000).   Cause exists when an external

---

[8]  The "adequate and independent state grounds" rule applies equally to procedural and substantive state-law grounds.  *Lee v. Kemna*, 534 U.S. 362, 375, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002).

impediment, such as governmental interference or the reasonable unavailability of the factual basis for the claim, prevented petitioner from raising the claim. *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991). To meet the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent" because "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed. 2d 808 (1995). Further:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.* In short, actual innocence claims opening the gate for the miscarriage of justice exception are summarily rejected in virtually every case. *Id.*

Deference to state court findings of fact

Federal habeas courts defer to the state court's findings of fact, unless the petitioner shows by clear and convincing evidence that it was unreasonable. *See* 28 U.S.C. § 2254(d)(2); § 2254(e)(1); *Callahan v. Johnston*, 427 F.3d 897, 926 (11th Cir. 2005) ("§ 2254(d)(2) allows for relief where the state court adjudication 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' § 2254(d)(2)."); *see also Rutherford v. Crosby*, 385 F.3d 1300, 1308 (11th Cir. 2004) (concluding that "[petitioner] has not shown by clear and convincing evidence that the Florida Supreme Court's factual finding . . . [wa]s unreasonable in light of the evidence in the state court record"). Under the AEDPA, the state court does not have to explicitly state its findings of fact. *See Blankenship v. Hall*, 542 F.3d 1253, 1271-72 (11th Cir. 2008). State court findings of fact can be implied from the opinion and the

record when they are necessary to the Rule 3.850 court's rejection of a petitioner's claim. *Id.* These implicit findings are entitled to deference. *Id.* As explained in the Standard of Review, *supra*, the state court is not required to cite or be aware of the relevant Supreme Court precedent as long as its conclusion is not contradictory. *Early*, 537 U.S. at 8, 123 S. Ct. at 365. A summary adjudication with a brief, or total lack of, statement of reasons is still an adjudication on the merits. *Harrington*, 131 S. Ct. at 780, 784; *see Childers v. Floyd*, 642 F.3d 953, 968 (11th Cir. 2011) ("an 'adjudication on the merits' is best defined as any state court decision that does not rest solely on a state procedural bar.").

Under Eleventh Circuit precedent, the habeas court will "'look through' a summary decision to the 'last reasoned decision' on the issue." *McGahee v. Alabama Dep't of Corr.*, 560 F.3d 1252, 1262 n.12 (11th Cir. 2009) (quoting *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1317 (11th Cir. 2006)); *see also Ylst v. Nunnenmaker*, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594, 115 L. Ed. 2d 706 (1991) (". . .the *Harris* presumption only applies after habeas court determines 'the relevant state court decision. . .fairly appear[s] to rest primarily on federal law or [is] interwoven with [federal] law.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 740, 111 S. Ct. 2546, 2559, 115 L. Ed. 2d 640 (1991)).

## PETITIONER'S GROUNDS FOR RELIEF

Mr. Johnston raises three grounds for relief alleging ineffective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights (doc. 1, pp. 5-11). Mr. Johnston presented these claims in his state motion for post-conviction relief (*id.*, p. 3). The Rule 3.850 court prefaced its findings of fact and conclusions of law by identifying the clearly established federal law governing ineffective assistance of counsel claims according to *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). (Ex. Q, pp. 35-36).

**Ground One**         <u>Mr. Johnston was forced to accept a jury from the first row of prospective jurors.</u>

Mr. Johnston's amended petition states:

Ground one: Restriction of voir dire
Supporting FACTS (state *briefly* without citing cases or law): Petitioner was forced to accept jury from only the first row of prospective jurors, (approximately 15 persons). This decision to restrict petitioner was made before any jury selection was begun.

(Doc. 9, p. 4). Mr. Johnston indicated he raised the issue in his direct appeal and motion for post-conviction relief (*id.*).

Respondent contends Ground One fails to set forth a claim for which relief can be granted and, alternatively, is procedurally barred (doc. 15, pp. 3-6). In response, Mr. Johnston states he made a good faith attempt to raise the issue, and this court should construe his petition liberally. He goes on to assert that the First DCA was on notice "no matter what 'heading' might have been used" because his brief on direct appeal stated:

Defense counsel informed the defendant that he must select his jury from the first row of the potential jury members.

Such restriction put upon the defendant forced him to accept persons on his jury that he would not have had counsel [not] erroneously restricted the potential jury pool.

(Doc. 18, pp. 5-6). He concludes: "The courts have long held that 'advise of counsel' are grounds for ineffective assistance of counsel, and the alleged restrictions were "a violation of due process" (doc. 18, pp. 6, 8).[9]

Although the petition's wording is ambiguous, Mr. Johnston's response clarifies that he intends to allege his defense counsel erred, not the trial court. Ground three of Mr. Johnston's motion for post-conviction relief contends he was denied "effective assistance of counsel, due process and a fair trial" (ex. Q, p. 12).

---

[9] Mr. Johnston cites exclusively to Florida Appeal and Supreme Court cases to support this proposition.

He alleges that after a bench conference his counsel informed him that the jury had to be selected "from the first row only."  (Ex. Q, p. 13).

### State Court Decision

The Rule 3.850 court construed Mr. Johnston's claim as one for ineffective assistance of counsel in violation of the Sixth Amendment and concluded that Mr. Johnston failed to show either deficient performance or prejudice under the *Strickland* standard (ex. Q, p. 37).  The court cited the record of the voir dire where the trial court indicated Mr. Johnston's jury would be selected first (of three juries selected from the pool that day), and the parties would be "focusing on the first three rows, I think, for the jury."  (Ex. Q, p. 37) (citing ex. C, p. 66).  Counsel proceeded with questioning, addressing the first four rows of people (*id.*).  The Rule 3.850 court found that after jury selection, Mr. Johnston indicated he was present during jury selection, and he made no objection to the jury as empaneled.  (Ex. Q, p. 37) (citing ex. C, pp. 125-126).  Finally, the court noted that although Mr. Johnston states he had "serious doubt" about the jurors, he does not specify the names of the jurors, whether they ultimately sat on the jury, or any facts showing jurors who did sit on the jury were biased (ex. Q, p. 37).

### Federal Review of State Court Decision

As an initial matter, the undersigned agrees with Respondent that Mr. Johnston's claim of ineffective assistance of counsel was not cognizable on direct appeal.[10]  It is well-settled that under Florida law, such a claim is only cognizable on direct appeal if it appears on the face of the record that counsel was ineffective.  *See Eglin v. State of Florida*, 19 So.3d 935, 945 (Fla. 2009); *Bruno v. State of Florida*, 807 So.2d 55, 63 (Fla. 2001).  Mr. Johnston did not make that showing.  However, the Rule 3.850 court concluded his post-conviction ineffective assistance of counsel claim

---

[10]  Even if the claim were construed as one alleging trial court error during voir dire, the claim would still fail.  The record indicates Mr. Johnston and his attorney approved of the jury.  Because his counsel did not object at the time of the voir dire, the issue of trial court error would not have been preserved for review on appeal is thus procedurally barred from review in this court.

was appropriate for collateral review and addressed it on the merits.  Therefore, the undersigned reviews the objective reasonableness of the Rule 3.850 court's decision.

The record clearly supports the court's decision.  The trial judge stated: "We'll probably be focusing on the first three rows, I think, for the jury."  (Ex. C, p. 66).  Furthermore, Mr. Johnston's counsel, Mr. Ferry, repeatedly used the word "anybody" when asking questions, and he specifically addressed prospective jurors at least as far back as the fourth row (*see, e.g.*, ex. C, pp. 113,116).  In fact, Mr. Ferry used peremptory challenges to excuse jurors 2, 4, and 11 (ex. C, pp. 124-25).[11]  The record shows Mr. Johnston did not object to the jury:

> THE COURT:        All right, Mr. Johnston, you're already under oath.  Have you sat through jury selection today?
> THE DEFENDANT:        Yes ma'am.
> THE COURT:        And this is your jury?
> THE DEFENDANT:        Yes.

(Ex. C, pp. 125-26).

In addition, Respondent is correct in noting that even if his jury was chosen from the first row of prospective jurors, this fact alone does not implicate a constitutional violation.  (Doc. 15, pp. 10-11) (citing *Powell v. Allen*, 502 F.3d 1263, 1270 (11th Cir. 2010).  Mr. Johnston does not allege his jury was biased or unrepresentative of his community.  In essence, Mr. Johnston alleges more prospective jurors should have been struck from the jury for the sole purpose of reaching the people in the back rows.  This is not a cognizable claim for federal habeas purposes.

Mr. Johnston has not shown his counsel performed deficiently or that he was prejudiced by his counsel's performance.  The state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly

---

[11] The record also indicates Mr. Ferry had an off-record discussion with him during jury selection (ex. C, pp. 124-25).

established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1), (2); *Williams, supra*.  Mr. Johnston is not entitled to federal habeas relief on this claim, and the writ should not issue.

**Ground Two**          <u>Defense counsel improperly waived Mr. Johnston's constitutional rights.</u>

Mr. Johnston's second ground for relief alleges his counsel was ineffective for stipulating that he was over the age of eighteen at the time the crimes occurred (doc. 1, p. 4).  Mr Johnston raised this as ground five in his motion for post-conviction relief.  His motion states:

> The State failed to present any evidence of the Defendant's age at the time of alleged offenses as charged in the information and rested its case against the Defendant.  Following a brief recess the State moved the Court to re-open its case against the Defendant for the specific purpose of presenting additional evidence to the jury.
> Without the unauthorized stipulation put forth by defense counsel, there is no evidence to be considered by the jury or the Court and therefore resulting conviction must be vacated as each essential element of the charged offense has not been proven beyond a reasonable doubt.

(Ex. Q, pp. 16-17;  *see* doc. 1, p. 4).

<u>State Court Decision</u>

The Rule 3.850 court denied relief on this claim because Mr. Johnston did not show deficient performance or prejudice under the *Strickland* standard.  Citing the record, it stated that after the prosecution made the motion to re-open its case, the court was going to allow it (ex. Q, pp. 38-39 and nn.10, 12).  The court found this to be the reason Mr. Johnston's counsel agreed to the stipulation (*id.*).  Furthermore, the Rule 3.850 court found the record showed the prosecution had a witness prepared to testify to Mr. Johnston's age, and the information reflected that he was born in 1953 (ex. Q, p. 39).  It summarized: "[i]t is beyond logic to conclude that the

jury would not have found Defendant to have been 18 years or older at the time of the offense (*id.*).

    **Federal Review of State Court Decision**

    This ground warrants little discussion.  The information lists Mr. Johnston's year of birth as 1953.  The crime occurred beginning in 1989, when he was thirty-five (35) years old.  The prosecution stated the mother of the victims would testify that at the time she and Mr. Johnston were married, he was over eighteen years of age (ex. B, p. 147).  The trial court even stated in clarifying the stipulation: "At all times relevant to this case or something.  *I don't think it is even close.*"  (Ex. B, p. 148) (emphasis added).  Mr. Johnston has not and cannot based on record evidence show that the prosecution would not have been allowed to put forth conclusive evidence of his age.  As the Rule 3.850 court noted, "Defendant does not suggest in any way that the State would have been unable to prove that he was over the age of 18 at the time of the offenses."  (Ex. Q, p. 39).  Mr. Johnston's claim is without merit.

    The state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1), (2); *Williams, supra.*  Mr. Johnston is not entitled to federal habeas relief on this claim, and the writ should not issue.


**Ground Three**          <u>Ineffective assistance of counsel for allowing a prejudicial voir dire and entering into a stipulation without consulting Mr. Johnston.</u>

    Mr. Johnston's third ground for relief asserts his counsel was ineffective for allowing "prejudicial voir dire which severally [sic] restricted voir dire process and denied Defendant due process and a fair trial by entering into a stipulation without consulting Defendant on any issue (doc. 1, p. 5; *see* doc. 12, p. 13).

    On its face, Ground Three appears to be a restatement of Grounds One and Two.  However, Mr. Johnston's response (doc. 18) elaborates on the claim and

contends the *Strickland* standard for reviewing ineffective assistance of counsel is inappropriate because of "presumed prejudice" (doc. 18, p. 14).  Mr. Johnston cites *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984) as the clearly applicable federal law (*id.*).

Mr. Johnston goes on to list the reasons his counsel failed to subject the prosecution's case to meaningful adversarial testing:[12]

- He only met with his counsel three times before trial for a time period totaling one hour.

- The victims' depositions (that his counsel took) revealed they had talked to a sheriff "months" before charges were filed.

- The sheriff's identity was not investigated.

- Had his counsel investigated a previous domestic violence offense, he would have learned the victims "had a history of. . .an overabundant imagination. . . (ellipses in original).

- Mr. Johnston's presented his counsel with a divorce decree showing the victims lived in Texas during part of the period during which the prosecution alleged the offenses occurred, but his counsel did not seek to "limit the time period of the information."

- His counsel failed to investigate other potential witnesses-children and adults-who lived in his home and would have discredited the victims' testimony.

- His counsel failed to challenge three jurors for cause: two because they had served on a jury before, and one who may have had a "relationship with the law enforcement community[.]"

- His counsel stipulated to his age, thus negating the prosecution's burden to prove an essential element of the crime charged.

---

[12]  The undersigned notes Mr. Johnston's cites *Strickland, supra*, after arguing the trial lacked adversarial testing, despite his contention that *Strickland* is not applicable.

(Doc. 18, pp. 15-18).  The undersigned finds that Mr. Johnston's response parrots ground eleven of his post-conviction motion, which alleged his counsel was ineffective based on cumulative error (*see* ex. G, p. 29).[13]

### State Court Decision

The Rule 3.850 court denied this claim on the merits:  "Because the Court has found no merit in Defendant's previous claims, this claim must also fail."  (Ex. G, p. 44).

### Federal Review of State Court Decision

First, to the extent Mr. Johnston's claim alleges error based on the same arguments advanced in Grounds One and Two, the claim is without merit.  Second, the Rule 3.850 court was not objectively unreasonable in rejecting Mr. Johnston's cumulative error claim based on instances of alleged error not individually asserted in this petition.

Mr. Johnston argues *Cronic*, *supra*, applies to his claim of cumulative error.  "The United States Supreme Court has not directly addressed the applicability of the cumulative error doctrine in the context of an ineffective assistance of counsel claim."  *Forrest v. Florida Dep't of Corr.*, 342 Fed. Appx. 560, 564-565 (11th Cir. 2009) (unpublished opinion).  The Supreme Court  stated in *Cronic* that the petitioner does not have to show prejudice in some circumstances, the most obvious being if he was completely denied counsel at a critical stage of prosecution.  466 U.S. at 659, 104 S. Ct. at 2047.  "Similarly, if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself unreliable."  (*Id.*).  This is a narrow exception, though, as the Court held:

---

[13]  The motion for post-conviction relief states he was "denied per se assistance of counsel" (ex. Q, p. 29).  The post-conviction motion and response follow the same argument and reasoning.  For examples of parallel arguments, compare: motion paragraph two with response paragraphs two and three; motion paragraph three with response paragraph nine; motion paragraph four with response paragraph eight; motion paragraph nine with response paragraphs fourteen and fifteen.

> **Apart from circumstances of that magnitude, however, there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt." the petitioner must show how counsel's actual performance and *specific* errors undermined the finding of guilt.**

*Id.* at 659 n.26, 104 S. Ct. At 2047 n. 26 (emphasis added).

Mr. Johnston raised his cumulative error argument in his motion for post-conviction relief.  The state court correctly concluded that the individual claims did not show ineffective assistance of counsel; therefore, there is no error upon which to base a cumulative error claim (ex. Q, p. 44).  *See Parker v. State of Florida*, 904 So.2d 370, 380 (2005) ("where the individual claims of error alleged are either procedurally barred or without merit, the claim of cumulative error also necessarily fails").

Mr. Johnston's claim fails to meet the prejudice prong of the *Strickland* test or show the collective effect of the alleged errors at trial.  The Rule 3.850 court reviewed the record evidence relating to each of Mr. Johnston's claims and concluded in each instance that either the facts directly contradicted the allegations, or Mr. Johnston failed to satisfy one or both prongs of the *Strickland* test (*see* ex. Q, pp. 35-45).  In accordance with the holding in *Cronic*, and in the absence of Supreme Court precedent applying the cumulative error doctrine to ineffective assistance of counsel claims, the state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1), (2); *Williams, supra*.  Mr. Johnston is not entitled to federal habeas relief on this claim, and the writ should not issue.

## CONCLUSION

The undersigned has carefully reviewed the trial transcript, record on direct appeal, motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of

Criminal Procedure, and all submissions in this proceeding.  Mr. Johnston's Grounds One through Three are without merit, and he is not entitled to federal habeas relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.      That the 28 U.S.C. § 2254 amended petition for writ of habeas corpus (doc. 9), challenging the conviction and sentence in *State of Florida v. John Daniel Johnston* in the Circuit Court of Escambia County, Florida, case no. 07-1680, be DENIED and the clerk be directed to close the file.

2.      That a certificate of appealability be DENIED.

At Pensacola, Florida, this 16th day of September, 2011.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**